UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER TSIMBALYUK,

                      Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR,

                      Respondent.

Case No. C13-2074-RSL-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Peter Tsimbalyuk has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, seeking release from immigration custody or an individualized bond hearing. Dkt. 7. Respondent moves to dismiss petitioner's habeas petition because after the petition was filed, petitioner was released from immigration custody under an order of supervision. Dkts. 13, 13-2. Because petitioner has been released from immigration custody, the Court recommends that his habeas petition, Dkt. 7, be DENIED at moot, respondent's motion to dismiss, Dkt. 13, be GRANTED, and the case be DISMISSED without prejudice.

\\

\\

REPORT AND RECOMMENDATION - 1

## II. DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). To maintain a habeas claim, however, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Spencer*, 523 U.S. at 7).

Here, petitioner was been given the relief sought in his habeas petition—release from immigration custody—and, as such, there is no remaining collateral consequence that may be redressed. *See id.* ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."); *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."). Because the requested relief is no longer available, the petition for writ of habeas corpus should be denied as moot.

\\

REPORT AND RECOMMENDATION - 2

## III. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition, Dkt. 7, be DENIED at moot, respondent's motion to dismiss, Dkt. 13, be GRANTED, and the case be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 3rd day of February, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3